UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL B. FULLER and KEVIN G. JOHNSON,<br><br>  Plaintiffs,<br><br>  v.<br><br>KING COUNTY SUPERIOR COURT, *et al.*,<br><br>  Defendants. | CASE NO. C07-628RSM<br><br>ORDER DENYING PLAINTIFFS' MOTION TO REMOVE STATE CASE TO U.S. DISTRICT COURT AND DENYING PLAINTIFFS' MOTIONS FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER |

This matter comes before the Court on plaintiffs' "Motion to Remove State Case to U.S. District Court Pursuant to 28 U.S.C. §§ 1441-1447 and TRO w/out Notice to Defendant - Extraordinary Circumstances Writ" (Dkt. #43), and plaintiffs' "Motions for Preliminary Injunction and Temporary Restraining Order and Order to Show Cause" (Dkt #44). Plaintiffs, appearing *pro se*, seek to remove to this Court all current state cases where plaintiff Kevin G. Johnson ("Mr. Johnson") and the State of Washington are adverse parties. Plaintiffs also seek either a preliminary injunction or a temporary restraining order ("TRO") preventing defendants from denying them access to King County Superior Court and the King County Law Library. (Dkt. #43 at 2); (Dkt. #44 at 1). Mr. Johnson also separately moves for a preliminary injunction or TRO preventing defendants from claiming an interest in real property. (Dkt. #44 at 2).

Having reviewed plaintiffs' motions, and the remainder of the record, the Court hereby

ORDER
PAGE - 1

finds and orders:

(1) Plaintiffs' "Motion to Remove State Case to U.S. District Court Pursuant to 28 U.S.C. §§ 1441-1447 and TRO w/out Notice to Defendant - Extraordinary Circumstances Writ" (Dkt. #43), and plaintiffs' "Motions for Preliminary Injunction and Temporary Restraining Order and Order to Show Cause" (Dkt. #44) are both DENIED. As an initial matter, the Court finds it worthwhile to notify *pro se* plaintiffs of their obligations under the Local Rules of the Court. Pursuant to Local Rule CR 7(b)(1), "[a]ll motions shall include in the caption (immediately below the title of the motion) the date the motion is to be noted for consideration upon the court's motion calendar." Plaintiffs failed to note their motions in accordance with the Court's rules. Nevertheless, plaintiffs are not prejudiced by their failure for the reasons set forth below.

28 U.S.C. §§ 1441 through 1447 govern the type of actions that may be removed to state court, and the procedures for removal. Section 1441 specifically provides in pertinent part that "*any civil action brought in State court of which the district courts of the United States have original jurisdiction*, may be removed by the defendant or the defendants, to the district court of the United States . . . where such action is pending." *Id.* (emphasis added). Given the plain language of the statute, Mr. Johnson's request for removal is DENIED because he fails to specify which state court proceedings he wishes to remove. Furthermore, because of this failure, the Court cannot determine whether it has original jurisdiction over any state court claim in which Mr. Johnson is an adverse party with the State of Washington.

With respect to plaintiffs' argument for a preliminary injunction or a TRO, Fed. R. Civ. P. 65 provides in pertinent part:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the [plaintiff] certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

*Id.*

It is well established that preliminary injunctions or TROs are drastic remedies, and

ORDER
PAGE - 2

1 only granted in the most extraordinary of circumstances.  *See generally Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1158; *In re Estate of Ferdinand Marcos*, 25 F.3d 1467, 1480 (9th Cir. 1994).  The factors considered by a court in assessing whether to grant a request for a TRO are similar to the factors examined by the court in determining the merits of a motion for a preliminary injunction.  *See National Football League Properties, Inc. v. Coniglio*, 554 F. Supp. 1224, 1226 (D.D.C. 1983).

In the instant case, plaintiffs have failed to sufficiently show any Irreparable injury.  Plaintiffs merely make conclusory statements that such injury will result.  However, a bald assertion without nothing more does not justify the granting of such an extraordinary remedy.  In addition, plaintiffs fail to submit any legitimate reasons why providing notice to defendants in the instant case is not warranted.  Accordingly, plaintiffs' motions for a preliminary injunction or a TRO are also DENIED.

(2) The Clerk is directed to forward a copy of this Order to all counsel of record and to *pro se* plaintiff Keith G. Johnson at the following address: 2765 E Cherry Street, Seattle, WA 98122; and to *pro se* plaintiff Michael B. Fuller at the following address: 827410, King County Regional Justice Center, Cell Block G, 620 W James, Kent, WA 98032.

DATED this 21st day of February, 2008.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 3